UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>**TACOS EL CUÑADO ALPINE, LLC,** and **JESSICA LOPEZ**,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 23 CV 272<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), Plaintiff, **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain the Defendants TACOS EL CUÑADO ALPINE, LLC ("TACOS EL CUÑADO") and JESSICA LOPEZ (collectively, "Defendants") from violating Sections 206, 207, 211, 215(a)(2) and 215(a)(5) of the FLSA and to recover unpaid compensation, plus an equal amount in liquidated damages pursuant to Section 216(c) of the Act (29 U.S.C. § 216(c)) for Defendants' employees.

The Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Secretary's investigation reviewed Defendants' employment and pay practices from August 13, 2020 through August 12, 2022 (the "Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.[1]

---

[1] If Defendants continued to violate the FLSA after the Investigation Period, then the allegations and conditions of pay and employment disclosed are incorporated herein by reference and Defendants may owe

1

## Jurisdiction and Venue

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

## Defendants

3. Defendant TACOS EL CUÑADO is a corporation within this Court's jurisdiction with an office at 2751 Alpine Avenue, Grand Rapids, Michigan 49544 where it conducts business.

4. TACOS EL CUÑADO is a limited service and takeout restaurant.

5. Defendant LOPEZ has actively managed and supervised TACOS EL CUÑADO's operations and its employees during the Investigation Period. Among other things, LOPEZ has hired and fired employees, set their work schedules, and set their pay rates.

6. LOPEZ has acted directly or indirectly in TACOS EL CUÑADO's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

7. During the Investigation Period, Defendants engaged in business within Kent County, within this Court's jurisdiction.

## The FLSA Applies to Defendants

8. TACOS EL CUÑADO is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

---

additional back wages and liquidated damages to employees.

9. TACOS EL CUÑADO is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

## FLSA Violations

10. Defendants repeatedly violated Sections 206 and 215(a)(2) of the FLSA when they failed to pay one employee at least $7.25 per hour. A review of time and payroll records revealed one of Defendants' servers had not received enough in tips in six workweeks, resulting in unpaid minimum wages. 29 U.S.C. §§ 206(a)(1), 215(a)(2).

11. Defendants repeatedly violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek. Defendants paid straight time for overtime during the Investigation Period to both tipped and non-tipped employees. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

12. Defendants repeatedly violated Sections 211 and 215(a)(5) of the FLSA when they failed to keep complete and accurate records. 29 U.S.C. §§ 211, 215(a)(5), 29 C.F.R. Part 516. Defendants failed to maintain an accurate record of hours worked for numerous employees throughout the Investigation Period and paid certain employees, in cash, outside of the payroll record.

## Remedies Sought

13. As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

14. Defendants may also owe additional back wages and liquidated damages during the Investigation Period to employees whose identities are presently unknown to the Secretary.

## Prayer for Relief

As a result of Defendants' repeated FLSA violations, the Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 206, 207, 211, 215(a)(2) and 215(a)(5) of the FLSA. 29 U.S.C. § 217(a).

B. Finding Defendants liable for unpaid minimum and overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Secretary. 29 U.S.C. § 216(c).

C. If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

D. Providing such other relief as may be necessary and appropriate.

E. Awarding costs and granting such other and further relief as may be necessary and appropriate.

Date:  March 15, 2023                                                  Respectfully Submitted,

                                                    **SEEMA NANDA**
                                                    Solicitor of Labor

                                                    **CHRISTINE Z. HERI**
                                                    Regional Solicitor

*/s/ Haley R. Jenkins*
HALEY R. JENKINS
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
312.353.1218
jenkins.haley.r@dol.gov

*Attorneys for Plaintiff Julie A. Su,*
*Acting Secretary of Labor,*
*United States Department of Labor*